IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
                                    § CASE NO. 05-45205-H2-7
EMILY KAY BURR §

**MEMORANDUM OPINION
FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
TRUSTEE'S OBJECTION TO EXEMPTION (doc # 8)**

The chapter 7 trustee objects to the Debtor's exemption of an annuity purchased shortly before bankruptcy after consultation with bankruptcy counsel. For reasons set forth below, and by separate written order issued this date, the objection is sustained.

JURISDICTION

This is a contested matter, a civil proceeding, arising under title 11 in a case filed under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b). By Order dated August 9, 1984, superceded by General Order 2005-6 on March 10, 2005, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

STIPULATED FACTS

The Trustee and the Debtor stipulated to the following facts:

1.  "In December 2004, the Debtor's 1999 GMC Tahoe was repossessed by its secured creditor."

2.  "In June 2005, the Debtor met with her bankruptcy counsel, David W. Barry, for consultation, relief under the bankruptcy law or preparation of petition." (sic)

3.  "The Debtor's sworn statement of financial affairs reflect that on July 18, 2005, the Debtor sold the Trailer for $5,500.00 (the "Proceeds")."

4.  "The Debtor would not have been able to exempt the Trailer under the Texas Property Code from the claims of creditors."

5.  "After the sale of the Trailer, the Debtor had possession and control of the Proceeds."

6. "On August 24, 2005, the Debtor used part of the Proceeds from to (sic) purchase a Western Reserve Life annuity (the "Annuity")."

7. "The Debtor retains possession and control of the Annuity."

8. "On September 16, 2005, the Debtor filed for Chapter 7 bankruptcy."

9. "The Debtor scheduled the Annuity as exempt under Texas Insurance Code § 1108.051."

The parties also stipulated to introduction into evidence the docket sheet of this case, Debtor's bankruptcy schedules A-J, and Debtor's statement of financial affairs. At the hearing, the Court inquired of counsel whether there was any particular part of those documents that they wished the Court, as finder of fact, to consider. Neither counsel asked the Court to consider any specific part of the exhibits.

Neither party offered any witnesses and testimony.

## CONCLUSIONS OF LAW

Because the Debtor chose exemptions allowed by state law, the scope of the exemption is determined by state law. *In re Reed*, 700 F.2d 986 (5th Cir. 1983).

TEX. INS. CODE ANN. § 1108.051 provides that annuities are exempt property, except as provided in § 1108.053. That latter section states:

> The exemptions provided by Section 1108.051 do not apply to ... a premium payment made in fraud of a creditor ...

The Court has not been cited to, and cannot find on its own, any authority establishing the elements of fraud that are required to establish the exception in 1108.053.

Debtor's counsel cited the Court to *Reed, supra* which interprets a very restrictive federal statute, 11 U.S.C. § 727, which denies discharges under chapter 7 for debtors who transfer assets prior to bankruptcy to defraud their creditors. Although this statute is much more severe than the state exemption statute, the Court will adopt the holding of *Reed* as a guide to the elements of fraud in this similar situation.

The *Reed* opinion holds that evidence of actual intent to defraud creditors is required. Merely converting non-exempt assets into exempt assets is not sufficient. However, the intent need not be proved directly, it may be inferred. In *Reed*, evidence that the debtor, on the eve of bankruptcy, borrowed money that was then used to pay debt on exempt assets or to purchase exempt assets was sufficient to support a finding of intent to defraud. Finally, *Reed* holds that

> [w]hile the burden of persuasion rests at all times on the creditor objecting to

discharge, it is axiomatic that the debtor cannot prevail if he fails to offer credible evidence after the creditor makes a prima facie case. [*Reed* at 992.]

The stipulations in this case establish that Debtor consulted counsel for bankruptcy advice and then a few weeks later sold her trailer for $5,500. About a month later, Debtor used part of the proceeds to purchase the annuity that is claimed as exempt. About three weeks later Debtor filed this bankruptcy case. The Court concludes that these facts establish a *prima facie* case of intent to defraud creditors by placing assets beyond their reach. Although, as *Reed* states, converting non-exempt assets to exempt status is not *per se* fraud, it can establish a *prima facie* case.

Debtor's counsel offered no testimony or other evidence that there was any other motive. Debtor's counsel did not provide a memorandum of authorities in advance of hearing as required by the Court's scheduling order, and has not requested an opportunity to present one. Debtor's counsel merely argued that conversion of non-exempt assets into exempt assets is not *per se* fraudulent. The Court agrees with that premise, but that is not enough to defeat the trustee's action when he has made a *prima facie* case.

Since the trustee has presented a *prima facie* case and Debtor has offered no evidence in opposition, the Court finds by a preponderance of the evidence that the annuity was purchased in fraud of a creditor and therefore the exception to exemption in § 1108.053 applies.

SIGNED   February 23, 2006

*Wesley W. Steen*

_____

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE